In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00033-CV


______________________________





IN RE: EXPUNCTION REQUEST BY BERTHA DAVIS





 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 07-0794




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Pending before the Court is an agreed motion to reverse the trial court's judgment and remand
this cause to the trial court for entry of an order denying expunction. The trial court had entered an
order of expunction, which the Texas Department of Public Safety appealed to this Court. The
parties have agreed that the cause should be reversed and remanded to the trial court for entry of an
order denying expunction--and also that the Department will not thereafter oppose a "Petition for
Nondisclosure" of the records of this arrest and deferred adjudication community supervision. 

 Rule 42.1(a)(2) of the Texas Rules of Appellate Procedure provides:

 (a) On Motion or By Agreement. The appellate court may dispose of an
appeal as follows:


 . . .


 (2) By Agreement. In accordance with an agreement signed by
the parties or their attorneys and filed with the clerk, the court may:


 (A) render judgment effectuating the parties' agreements;


 (B) set aside the trial court's judgment without regard to
the merits and remand the case to the trial court for rendition of
judgment in accordance with the agreements; or


 (C) abate the appeal and permit proceedings in the trial
court to effectuate the agreement. 


 In the motion, Appellant and Appellee represent that they have reached an agreement and
settled their differences. 

 The Court has considered this cause on the parties' motion and concludes the motion should
be granted. See Brinker Tex., L.P. v. Muniz, 225 S.W.3d 229, 230 (Tex. App.--El Paso 2006, no
pet.). 

 Accordingly, we set aside the trial court's judgment without regard to the merits and remand
this cause to the trial court for rendition of judgment in accordance with the agreement of the parties. 



 Jack Carter

 Justice


Date Submitted: July 15, 2008

Date Decided: July 16, 2008